UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PHILLIP LEE KELLEY, | ) | CASE NO. 4:13 CV0662 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Phillip Lee Kelley filed the above-captioned petition for writ of habeas corpus pursuant 28 U.S.C. §2241 (ECF No. 1). Kelley, who is incarcerated in the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names F.C.I. Elkton's Warden as Respondent. He alleges that evidence used to convict him of a disciplinary infraction at the Federal Correctional Institute in Morgantown, West Virginia (F.C.I. Morgantown) was insufficient. For the reasons set forth below, this action is dismissed.

*Background*

Kelley was still incarcerated at the F.C.I. Morgantown on February 6, 2012 when a correctional officer performed a routine search of his housing cubicle. During the course of his search the officer removed the face plate of an outlet within Kelley's cubicle and discovered a cellular telephone and charging unit. At the time of the search, Kelley was working at his assigned duty station in the prison. When he and his roommate returned to their cubicle they

were advised that an incident report would be written up soon.

On the same date the officer discovered the telephone, an incident report was issued against Kelley. The report charged him with Possession, Introduction or Manufacture of a Hazardous Tool in violation of Code 108.[1] The matter was referred to the Disciplinary Hearing Officer (DHO) due to the seriousness of the infraction.

Fifteen days before the DHO hearing, Kelley was given a written copy of the report and advised of his rights. This included his right to a Staff Representative, which he requested and was provided.

The hearing was held on February 21, 2012 via video conference. The staff representative, a plumbing foreman with whom Kelley worked, stated he was a reliable worker, got along well with others and was working at the shop at the time the officer discovered the telephone. Kelley stated that he understood his rights, denied ownership or knowledge of the hidden telephone and explained that he uses all his minutes each month and had no need for a cellular telephone. In fact, he claimed he had only lived in the cubicle for one year, but that his roommate lived there longer.

The reporting officer's statement, as contained in the Incident Report, revealed that while he was conducting a random search on February 6, 2012, he entered the cubicle Kelley shared with another roommate. He noted that "[e]ach cubicle is assigned one outlet specific to that cubicle." (ECF No. 3-3, at 36). When the officer removed the cover plate to the outlet in Kelley's shared cubicle he discovered the telephone and charger.

---

[1] A separate incident report, with the same charges, was also issued against Kelley's roommate.

Kelley claimed he should not have been held accountable for an area to which he believed any prisoner had access. The DHO responded that Inmates Rights and Responsibilities require all inmates keep their assigned areas free of contraband. To the extent that the cavity of an outlet would provide an ideal hiding place and the reporting officer noticed something amiss with the outlet's faceplate, the DHO concluded Kelley could have also been easily aware that something was hidden behind the plate. Because each inmate in the cubicle had equal access to the outlet without disturbing the other's personal property, the DHO applied the liability concept of "constructive possession." Under this theory, every inmate assigned to a particular area is responsible for objects found in an area common to both inmates, unless someone admits responsibility. Since neither inmate assumed ownership of the contraband, the DHO held each roommate accountable.

Finally, while Kelley denied ownership of the telephone, the DHO found it more likely that he would have a motive to evade responsibility than the reporting officer would be motivated to falsely accuse him. Considering the officer's report and Kelley's defenses, the DHO found that the greater weight of evidence established that he committed the prohibited act. As a result, Kelley was sanctioned with the loss of 41 days of Good Conduct Time (GCT), 21 days disciplinary segregation, 180 days restriction on telephone privilges and 180 days restriction on visitation. He received a copy of the DHO's decision on the same date it was issued.

Kelley timely appealed the DHO's decision arguing there was insufficient evidence to convict him. In support, he claimed he should not be held accountable for staff who are "unable to control the floor of all the contraband being brought into the compound." (ECF No. 3-5, at

-3-

40). Moreover, Kelley noted that the telephone did not contain any information that suggested it belonged to him or his roommate. He believed the officer should have first cleared and secured the area before performing any cubicle search. Otherwise, Kelley argues any one of the 327 inmates housed at the prison could have easily hidden the telephone in his area.

*Discussion*

Kelley asserts the incident report should be expunged from his record and his forfeited GCT restored. He believes it was erroneous for the DHO to apply the "constructive possession" principle to his case because the facts do not support its application. Specifically, he argues the area in which the contraband was found could be accessed by more than 300 inmates. The style of cubicle in which he was housed was surrounded by walls no higher than 4½ feet and he believes any inmate could have entered his cubicle and hidden a telephone behind the cover plate of the outlet during the time he was at work.

Citing several cases dealing with constructive possession, Kelley argues that the theory is not without limits.[2] In his case, he believes the DHO exceeded the scope of those limits by applying it to an unreasonable expectation of possession. Relying on a Fourth Circuit opinion he cites as *"McClung v. Hollingsworth*, 483 F.3d 273 (4th Cir. 2007)," Kelley argues that the concept is only appropriate in cases involving very limited inmate access (i.e. no more than two to four inmates) to a common area. The cubicle in his dormitory is not locked and he believes any inmate could have entered his area because he and his roommate were routinely absent from

---

[2]Although Kelley states "the Sixth Circuit applied the doctrine [of constructive possession] in *Miles v. USP Big Sandy*, 2012 U.S. Dist. LEXIS 22877 (E.D. KY 2012)," the citation is to *Bronzene v. Astrue*, No.1:10-CV-00967, 2012 U.S. Dist. LEXIS 22877, 2012 WL 602142 (N.D. NY Feb. 23, 2012), an unreported Social Security appeal in the United States District Court for the Northern District of New York.

their cubicle because of their work assignments. Thus, he believes the DHO's application of the constructive possession doctrine is faulty.

As a secondary argument, Kelley argues he was denied his right to due process. While he concedes that his rights to due process only require that the DHO find "some evidence"exists, he believes the DHO relied on an investigative report to which he never had access. As such, he claims he was unable to defend himself against information of which he had no knowledge. In addition, he argues the DHO never allowed him or his roommate to see the cellular telephone that was recovered from his area.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Kelley has not met his burden.

*28 U.S.C. § 2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 addresses any petitioner's claim that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is directed, however, "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon

the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. Although the incident about which Kelley complains took place in West Virginia, his custodian at the time he filed this action is located within the Northern District of Ohio. As such, this Court has personal over Kelley's custodian.

Without question, a petition for writ of habeas corpus filed by a federal inmate under § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). Therefore, because the loss of GCT affects the length of Kelley's confinement, this Court also has subject matter jurisdiction over his challenge to the BOP's decision to sanction him with the loss of 41 days GCT. While the Court does have personal and subject matter jurisdiction over Kelley's petition, he is not entitled to habeas relief for the reasons set forth below.

*Due Process*

Kelley claims that his rights to due process under the Fifth Amendment have been violated. "It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir.1996)(citation omitted.). In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court noted that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id*. at 556. The Sixth Circuit later outlined what was required to satisfy the standards for due process under *Wolff* and its progeny: "[I]nmates facing

loss of good-time credits arising from disciplinary charges for misconduct must be given advance notice of the charges, the opportunity for an evidentiary hearing, a decision by an impartial tribunal and a written statement of reasons." *Woodson v. Lack*, 865 F.2d 107,109 (6th Cir. 1989)(quoting *Wolff*, 418 U.S. at 564-67).

Kelley was provided all the due process to which he was entitled under *Wolff*. The prison provided him advance notice of the charges, a DHO hearing before an impartial officer and a written statement of the reasons for the DHO's conclusion. His allegation, therefore, that he was not provided notice of the officer's report does not comport with the facts.

On page 2, paragraph V. of his report, the DHO specifically states: "To make this finding, the DHO relies on the reporting officer's statements **contained in the Incident Report** as follows ..." (ECF No. 3-3, at 36)(emphasis added). Kelley received a copy of the Incident Report on the same date it was issued. Therefore the statement upon which the DHO relied was the same statement contained in the report Kelley received.

Kelley's allegations that he should not have been charged with any infraction because the evidence was insufficient does not suggest a due process violation. Instead, it merely amounts to a claim that the DHO's decision was not supported by the evidence.

A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether 'some evidence' supports the decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). A district court is not permitted to re-weigh the evidence presented to the board. *Id.* at 455. A prison official's determinations in disciplinary cases must be made quickly and in a highly charged atmosphere. *Id*. at 456. The "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary

board." *Id*. at 457.

The evidence alleged to have been submitted to the DHO, as confirmed by the disciplinary records and summarized above, reflects that contraband was discovered after a search of Kelley's cubicle.³ Although one other inmate was housed in the cubicle, he also denied ownership of the telephone and charger. These facts are undisputed. The DHO considered this information, Kelley's defenses and the statements of the staff member who represented him. These facts, combined with the officer's testimony, constitute far more evidence than the minimal amount necessary to convict an inmate of a prison disciplinary infraction in compliance with due process. The DHO's decision satisfies the "some evidence" test of *Superintendent v. Hill*.

Finally, Kelley's reliance on *McClung* is not controlling. Although he provides a reported citation to that case,⁴ the decision to which he is actually referring is cited as *McClung v. Hollingsworth*, No. 06-6699, 2007 WL 1225946 (4th Cir. Apr. 26, 2007), an unreported Fourth Circuit opinion. Furthermore, a district court is only bound by the decisions of the Circuit Court of Appeals in which it sits. *See Cochran v. Trans-General Life Ins. Co.*, 60 F.Supp.2d 693, 698 (E.D. Mich.1999). By contrast, this Court is not bound by decisions of Courts of Appeals for other circuits. *See Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115, 122 (E.D. Mich.1977).

---

³ This includes a photograph of the cellular telephone operating on battery power, which is noted in the DHO's report on page 2, paragraph III., D., "Documentary Evidence." (ECF No. 3-3, at 36).

⁴The case citation Kelley provided, "483 F.3d 273," is for *United States v. McClung*, a direct appeal to the Fourth Circuit from a sentence imposed after the defendant pleaded guilty to extortion under color of official right.

Even the *Miles* decision Kelley claims that the Sixth Circuit issued is actually an unreported case from the Eastern District Court of Kentucky. More importantly, the *Miles* court's discussion of constructive possession does not suggest anything akin to the Fourth Circuit's holding in *McClung*. In *Miles v. USP-Big Sandy*, No. 7:11-CV-00058, 2012 U.S. Dist. LEXIS 55877, 2012 WL 1380274 (E.D. Ky. Apr 20, 2012), the district court noted:

> As for Miles' argument that the DHO lacked specific evidence or testimony indicating that he had actual knowledge of their existence, such evidence was not necessary. In *Perez v. Rios*, No. 08–CV–171–KKC, 2009 WL 499141 (E.D.Ky. February 27, 2009), Perez was convicted of possessing hazardous tool (knives), forfeited 41 days of GTC, and sought relief in a § 2241 petition. *Id*. at * 1. Perez, like Miles, argued that the knives did not belong to him.
>
> In denying Perez's § 2241 petition, the Court noted that inmates are responsible for ensuring that their cells remain free of contraband. Relying on *Hill*, the Court found that there was sufficient evidence to support the DHO's finding that because Perez was in control of his cell area, he was in possession of a hazardous tool. *Id.* at *2. This Court has reached the same result in other similar cases involving claims of constructive possession over contraband or weapons. See *Hayes v. Hickey*, No. 10–CV–18–KSF, 2010 WL 1740875, at *7 (E.D. Ky. April 28, 2010); *Farris v. Wilson*, No. 09–127–GFVT, 2009 WL 3257955, at *5 (E.D.Ky. October 8, 2009); *Kenner v. Martimer*, No. 08–CV–73–KKC, 2008 WL 2355832, *3 (E.D. Ky. June 6, 2008). The rationale of these cases applies here and supports the DHO's conclusions.

*Miles*, 2012 WL 1380274, at *3. Therefore, unlike the Fourth Circuit's unreported opinion in *McClung*, neither the Sixth Circuit nor any district court within its boundaries has held that the constructive possession rule will only provide "some evidence" of guilt when relatively few inmates have access to the area. *See McClung*, 2007 WL 1225946, at *3.

Although the evidence in this case might be characterized as limited, a DHO's finding does not rely on the same amount of evidence necessary to support a criminal conviction. *See*

-9-

*Jackson v. Virginia*, 443 U.S. 307 (1979), nor "any other standard greater than some evidence" ordinarily applicable in such a context. Thus, while there was no direct evidence identifying either of the two inmates as the owner of the cellular telephone, the "record was not so devoid of evidence that revocation of good-time credits was without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. The record clearly reveals an evidentiary basis for the disciplinary decision.

*Conclusion*

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 */s/Dan Aaron Polster 8/26/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE