UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PHILLIP LEE KELLEY, | ) | CASE NO. 4:13 CV0662 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN, F.C.I. ELKTON, | ) | |
| | ) | |
| Respondent. | ) | |

On August 26, 2013, this Court denied *pro se* Petitioner Phillip Lee Kelley's above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Now before the Court is Kelley's Motion to Alter or Amend Judgment pursuant to Federal Civil Rule 59(e). (Doc. No. 7.) For the reasons stated below, Kelley is not entitled to relief.

*Standard of Review*

A Motion to Alter or Amend Judgment pursuant to Rule 59(e) must be filed within 28 days from the date the movant seeks to alter. FED. R. CIV. P. 59(e). Because Kelley is a prisoner, the Court looks to the date on which he surrendered the document to prison officials. *See e.g. Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir.1989)(remonstrances to Report and Recommendation deemed punctually submitted if mailed by *pro se* convict within filing period), *cert. denied*, 493 U.S. 1059 (1990); *see Dunn v. State of Ohio*, No. 93-3434, 1994 WL 677693 (6th Cir. Dec. 2, 1994)(Rule 59(e) motion for reconsideration surrendered by a *pro se* inmate to

prison authorities within the filing period shall be construed as timely filed)(citing *Smith v. Evans*, 853 F.2d 155, 161 (3d Cir.1988)). Kelley does not aver on what date he surrendered this motion to prison staff for mailing or when he may have mailed it directly to the Court. Moreover, while he "certifies" a copy of the motion was served on the U.S. Attorney by placing it in the United States mail on September 19, 2013, Kelley does not declare "under the penalty of perjury the foregoing is true and correct, under 28 U.S.C. § 1746." *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997)("When the inmate places the motion in the prison mail system, the inmate must provide with the extension motion a notarized statement or declaration complying with 28 U.S.C. § 1746"), *overruled on other grounds in LaFountain v. Harry*, 716 F.3d 944(6th Cir.2013). Thus, because his certification does not satisfy § 1746 and there is no indication when Kelley surrendered his motion to prison officials for mailing, the motion was not timely filed within 28 days from this Court's judgment. Although his Rule 59 motion is not timely, it is appropriate for the Court to consider it as a motion filed pursuant to Rule 60 for relief from judgment. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

*Civil Rule 60(b) Motion for Relief*

The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. A timely filed Rule 59 motion may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." FED.R.CIV.P. 59(a). A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P 60(b).

Kelley asserts he is entitled to relief based on the following reasons: three mistakes of law and new evidence. While the rule provides a remedy for these types of claims, Kelley has failed to establish he is entitled to relief.

### A. Newly Discovered Evidence

One day before he received this Court's dismissal of his petition, Kelley claims he had just finished a "Motion for Leave to Supplement and Proposed Supplement." Once he received notice that his petition was dismissed, however, Kelley declined to file that pleading. Instead, he now asks the Court to consider facts he learned from a person who assisted him with his legal research. This individual allegedly helped another prisoner accused of possessing a cellular telephone discovered inside a vehicle at a prison camp. The accused inmate was "a driver for the camp and multiple persons, [but] less than in Kelley's case." (Doc. No. 7 at 3.) Although the Disciplinary Hearing Officer found the inmate was in constructive possession of the telephone, "the Region OVERTURNED the decision, holding the matter to be an overboard application of the constructive possession doctrine." (Doc. No. 7 at 4.) Because the inmate who was exonerated is allegedly "reluctant" to permit Kelley access to the Remedy Index, he asks this Court to now access the Remedy Index to verify that the Bureau of Prisons (BOP) "switched its direction and has done so in [a] sense that Kelley cannot utilize." *Id.*

The new information Kelley learned after the Court dismissed his petition is not dispositive. There is no dispute that the concept of constructive possession may not apply in every circumstance. Before dismissing Kelley's petition, this Court focused on the facts he presented in his petition, not whether the BOP could use the concept to cover all possible factual scenarios. Because the question of whether a prisoner can be held accountable for constructively possessing contraband found in a transportation vehicle was not an issue before this Court, it is not "newly discovered evidence" that would justify setting aside the Court's decision.

**B. Mistake of Law**

Kelley first apologizes to the Court for providing an incorrect case citation to *Miles v. USP-Big Sandy*, No. 7:11-CV-00058, 2012 U.S. Dist. LEXIS 55877, 2012 WL 1380274 (E.D. Ky. Apr 20, 2012), a case upon which he heavily relied. Contrary to his assertion, however, the Court found the correct case citation and quoted directly from the opinion in its analysis of Kelley's petition. (Doc. No. 4 at 9.) Thus, when he emphasizes that "[t]he point which Kelley would strive to make with the Miles case is that the Sixth Circuit has applied the 'constructive possession' doctrine . . ."(Doc. No. 7 at 3), he ignores two significant facts, namely: (1) *Miles* is not a Sixth Circuit decision, but an unreported case from the Eastern District of Kentucky, and (2) this Court expressly addressed and distinguished *Miles* in its decision to dismiss Kelley's petition. Therefore, Kelley cannot argue this Court's decision was based on any "error of law."

Kelley's second claim that this Court's dismissal reflects a "mistake in law," is based on the belief that the Court misunderstood the nature of his claim. Specifically, he claims he was arguing "the doctrine of constructive possession is not without limit." (Doc. No. 7 at 5.) While this may have been his intent, the fact cannot be ignored that Kelley filed this action as a petition

for writ of habeas corpus. As such, the Court was tasked to determine whether he was being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To do so limited the scope of this Court's inquiry to whether Kelley was denied the minimal safeguards afforded by the Due Process Clause before the BOP sanctioned him with the loss of 41 days good time credits. *See Ponte v. Real*, 471 U.S. 491, 495(1985). Therefore, regardless of how Kelley characterizes the nature of his petition, the Court is ultimately tasked to determine whether "some evidence" existed to convict him of a prison infraction. Based on the facts alleged, this Court determined Kelley was afforded sufficient due process.

Finally, while conceding "the Court was correct that there is no Sixth Circuit precedent limiting the doctrine of constructive possession," Kelley asserts the Court's dismissal "misses the larger point that the Sixth Circuit is the ONLY circuit that does not [limit the doctrine of constructive possession]."(Doc. No. 7 at 5.) Moreover, he claims the Sixth Circuit has never examined a case factually analogous to his. This does not state a basis upon which the Court should set aside its judgment, however. To justify relief from judgment, "a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993). Because Kelley has failed to establish that the Court's decision was based on a mistake in law or thwarted by new evidence, he must establish he is entitled to relief to prevent manifest injustice.

The motion fails to provide any justification that would support such a finding. Rule 60(b)(6)only applies to exceptional and extraordinary circumstances that are not addressed by the first five subsections of Rule 60(b). *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365

(6th Cir.1990) (remanding the case to the district court for the limited purpose of determining whether the party could show any extraordinary circumstances that would justify relief from judgment). Furthermore, the exceptional circumstances under Rule 60(b)(6) require "unusual and extreme situations where principles of equity mandate relief." *Id*. Kelley has not stated any unusual or extreme situation that would mandate the relief he seeks.

*Conclusion*

Based on the foregoing, Kelley's Motion to Alter or Amend Judgment is dismissed as untimely, and denied, in the alternative, as a Motion for Relief from Judgment. (Doc. No. 7). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 10/23/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."